**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **KENNETH L. ROLLINS, JR.,** | * | |
| **Plaintiff** | * | |
| **v.** | * | **CIVIL NO. JKB-15-3312** |
| **ROLLINS TRUCKING, LLC,** *et al.*, | * | |
| **Defendants** | * | |

    *     *     *     *     *     *     *     *     *     *     *

## MEMORANDUM

Kenneth L. Rollins, Jr. ("Plaintiff") brought this action against Rollins Trucking, LLC ("RTLLC"); Dywan Rollins; and Takeya Rollins (collectively, "Defendants"). Plaintiff alleges that Defendants—his purported employers—violated the Fair Labor Standards Act ("FLSA") of 1938, as amended, 29 U.S.C. §§ 201 *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. §§ 3-401 *et seq.*; and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. §§ 3-501 *et seq.* Plaintiff further alleges that he was terminated from his employment in violation of Maryland public policy.

Now pending before the Court are two materially identical motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (ECF Nos. 4 & 5), filed by Dywan and Takeya Rollins ("the Individual Defendants") on November 30, 2015. The issues have been briefed, and no hearing is required. *See* Local Rule 105.6 (D. Md. 2014). For the reasons explained below, the Individual Defendants' motions to dismiss will be GRANTED IN PART and DENIED IN PART.

## I. *Background*[1]

Defendant RTLLC is a Maryland limited liability company that "provides/sells substantial trucking goods and/or services in Maryland." (ECF No. 1 ¶ 2.) The Individual Defendants are co-owners/members of RTLLC. (*Id.* ¶¶ 3-4). According to Plaintiff, both Individual Defendants are "actively engaged in the management/control" of the business and are involved in "all matters related to employment (including but not limited to payment of . . . workers/employees)." (*Id.* ¶ 7).

Plaintiff alleges that, "[f]or the past several years," he has "performed hundreds of hours of work for Defendants" but has only received about $5000 in compensation, paid at the rate of $22 per hour. (*Id.* ¶¶ 9-10.) He further avers that he has "frequently worked more than forty (40) hours a week without receiving overtime pay for the vast majority of those overtime hours." (*Id.* ¶ 12.) At some unspecified point, Defendants required Plaintiff to complete a drug test; although the test allegedly came back with an "'[o]verall verified result' of '[n]egative,'" Defendants terminated Plaintiff's employment. (*Id.* ¶¶ 54-56.)

Plaintiff filed the present action on October 30, 2015, seeking damages stemming from Defendants' alleged minimum-wage and overtime violations under the FLSA (Counts I–II), the MWHL (Counts III–IV), and the MWPCL (Count V). Plaintiff also seeks compensation for wrongful termination in violation of Maryland public policy (Count VI). Defendant RTLLC answered the Complaint on November 30, 2015 (ECF No. 3); that same date, the Individual Defendants filed their materially identical motions to dismiss (ECF Nos. 4 & 5). Plaintiff filed a

---

[1] The facts are recited here as alleged by Plaintiff, this being a motion to dismiss. *See Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

response in opposition on December 4, 2015. (ECF No. 6.) Thereafter, the Individual Defendants did not reply within the allotted time;[2] their motions are now ripe for decision.

## II. Standard of Review

A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In analyzing a Rule 12(b)(6) motion, the Court views all well-pleaded allegations in the light most favorable to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." *Twombly*, 550 U.S. at 556. Even so, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. A "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the . . . court to draw on its judicial experience and common sense." *Id.* at 679. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint must be dismissed. *Id.*

## III. Analysis

### A. FLSA and MWHL Claims (Counts I–IV)

Plaintiff alleges that, throughout his period of employment, Defendants failed to compensate him according to the prevailing minimum wage under federal and state law. (ECF

---

[2] *See* Local Rule 105.2(a) (D. Md. 2014) (stating that, unless otherwise ordered by the Court, reply memoranda must be filed within fourteen (14) days after service of opposition memoranda).

No. 1 ¶¶ 20, 35.)  He adds that he was denied overtime compensation for those weeks during which he worked in excess of forty hours.  (*Id.* ¶¶ 27-28, 42-43.)

Under the FLSA, employers must provide all covered employees with a minimum wage, currently fixed at $7.25 per hour.  29 U.S.C. § 206(a).  Employers must also pay an overtime rate of one and one-half times the regular rate of pay for each hour worked in excess of forty per week.  § 207(a).  The MWHL requires Maryland employers to pay a minimum wage equal to the greater of the prevailing federal rate or the state rate;[3] the MWHL includes an overtime provision similar to the FLSA's overtime requirement.  Md. Code Ann., Lab. & Empl. §§ 3-413, -415.  Because the provisions of the MWHL closely track those of the FLSA, an employee's MWHL claim will "stand[] or fall[] on the success of [his] claim under the FLSA."  *Turner v. Human Genome Scis., Inc.*, 292 F. Supp. 2d 738, 744 (D. Md. 2003); *see also Gionfriddo v. Jason Zink, LLC*, 769 F. Supp. 2d 880, 895 (D. Md. 2011) (acknowledging the "congruent nature of the FLSA and the MWHL").

The FLSA broadly defines an *employer* to include "any person acting directly or indirectly in the interest of an employer in relation to an employee"; it defines an *employee* as "any individual employed by an employer"; and it provides that to *employ* includes "to suffer or permit to work."  29 U.S.C. § 203(d), (e)(1), (g).  "Consistent with these broad definitions, '[t]he Supreme Court has instructed courts to construe the terms "employer" and "employee" expansively under the FLSA.'"  *Roman v. Guapos III, Inc.*, 970 F. Supp. 2d 407, 413 (D. Md. 2013) (alteration in original) (quoting *Quinteros v. Sparkle Cleaning, Inc.*, 532 F. Supp. 2d 762, 768 (D. Md. 2008)); *see also Purdham v. Fairfax Cty. Sch. Bd.*, 637 F.3d 421, 427 (4th Cir. 2011) ("The FLSA should be broadly interpreted and applied to effectuate its goals.").  The

---

[3] Maryland's state minimum wage is presently set at $8.25 per hour.  *See* Md. Code Ann., Lab. & Empl. § 3-413(c)(2).

definition of *employer* under the MWHL is similarly expansive "and is not limited by the common law concept." *Macsherry v. Sparrows Point, LLC*, Civ. No. ELH-15-00022, 2015 WL 6460261, at *6 (D. Md. Oct. 23, 2015).

To determine whether an individual qualifies as an employer within the meaning of the wage statutes, courts in this Circuit look to the "economic realities of the relationship between the employee and the putative employer." *Caseres v. S & R Mgmt. Co.*, Civ. No. 12-cv-01358-AW, 2012 WL 5250561, at *3 (D. Md. Oct. 24, 2012). Under the economic-reality test, an employer is someone who "(1) has the authority to hire and fire employees; (2) supervises and controls work schedules or employment conditions; (3) determines the rate and method of payment; and (4) maintains employment records." *Khalil v. Subway at Arundel Mills Office Park, Inc.*, Civ. No. CCB-09-158, 2011 WL 231793, at *2 (D. Md. Jan. 24, 2011). None of the four factors is dispositive; a court must consider the totality of the circumstances. *Speert v. Proficio Mortg. Ventures, LLC*, Civ. No. JKB-10-718, 2011 WL 2417133, at *3 (D. Md. June 11, 2011). Moreover, in evaluating the adequacy of a FLSA/MWHL complaint at the pleading stage, a court will presume that all allegations made against the defendants collectively apply with equal force as against each individual defendant. *Pearson v. Prof'l 50 States Prot., LLC*, Civ. No. RDB-09-3232, 2010 WL 4225533, at *4 (D. Md. Oct. 26, 2010).

In their motions to dismiss, the Individual Defendants do not address the economic-reality test at all. Instead, their *sole* argument is that they are "covered by a corporate veil" created by RTLLC and that, in order to pierce that veil, "Plaintiff must have alleged fraud or other grounds sufficient to disregard the corporate entity." (ECF No. 4 at 2.)

Defendants are mistaken: it is well-settled that employees need undertake no veil-piercing venture to recover under the wage statutes. *See, e.g.*, *Reynolds v. Solo & AD, Inc.*,

Case 1:15-cv-03312-BPG   Document 7   Filed 01/07/16   Page 6 of 12

Civ. No. CBD-15-2021, 2015 WL 5882053, at *2 (D. Md. Oct. 2, 2015) ("The Court holds that to survive [a] Rule 12(b)(6) motion to dismiss, Plaintiffs only have to allege sufficient facts from which it could be inferred that Defendants are 'employers' under the FLSA, MWHL, and MWPCL. Plaintiffs do not need to allege facts showing that piercing the corporate veil is necessary."); *Roman*, 970 F. Supp. 2d at 416 ("It is well settled that an individual may qualify as an employer and face liability under the FLSA."); *Pearson*, 2010 WL 4225533, at *3 ("[T]here is clear legal authority for the imposition of personal liability on a corporate officer that exercises a high level of control for the FLSA violations of a corporation."); *accord Guzman v. D & S. Capital, LLC*, Civ. No. MAB 14-CV-01799, 2015 WL 772797, at *4 (D. Md. Feb. 20, 2015).

While Plaintiff's Complaint is rather thinly pleaded, the Court is satisfied that he has alleged sufficient facts to survive dismissal of his FLSA/MWHL counts, at least at this early stage. Construing all collective allegations as against each Defendant, *Pearson*, 2010 WL 4225533, at *4, Plaintiff has averred the following: (1) the Individual Defendants own and operate RTLLC and are responsible for all matters relating to employment, including compensation; (2) the Individual Defendants benefited from hundreds of hours of Plaintiff's labor but failed to compensate him appropriately; and (3) the Individual Defendants required Plaintiff to undergo drug testing and thereafter terminated his employment. Thus, Plaintiff has pleaded facts that correspond to three of the four nondispositive factors under the economic-reality test (*i.e.*, hiring/firing authority, supervisory power, and control over rate/method of payment).[4] For that matter, courts in this District have allowed similarly pleaded FLSA/MWHL claims to proceed to discovery. *See, e.g.*, *Lackey v. MWR Investigations, Inc.*, Civ. No. WMN-14-3341, 2015 WL 132613, at *2 (D. Md. Jan. 8, 2015); *Roman*, 970 F. Supp. 2d

---

[4] As for the fourth factor—maintenance of employment records—Plaintiff avers that "prior to at least July 2015, Defendants did not maintain accurate employment records . . . as required by law." (ECF No. 1 ¶ 15.)

6

at 417; *Hurd v. NDL, Inc.*, Civ. No. CCB-11-1944, 2012 WL 642425, at *5 (D. Md. Feb. 27, 2012). Accordingly, the Individual Defendants' motions to dismiss Counts I–IV will be denied.

### B.  MWPCL Claim (Count V)

As a counterpart to his FLSA/MWHL counts, Plaintiff accuses Defendants of failing to timely compensate him pursuant to the MWPCL. (ECF No. 1 ¶ 49.) The MWPCL requires Maryland employers to pay each employee a *wage*, *i.e.*, "all compensation that is due to an employee for employment," Md. Code Ann., Lab. & Empl. §§ 3-501(c)(1), -502(c), and to make such payment "at least once in every 2 weeks or twice in each month," § 3-502(a)(1)(ii). The statute further provides that, where an employee is terminated, the employer must pay all accrued wages "on or before the day on which the employee would have been paid the wages if the employment had not been terminated." § 3-505(a).

The MWPCL defines *employer* as "any person who employs an individual in the State or a successor of the person." § 3-501(b). This definition does not expressly encompass an individual who acts indirectly on behalf of another employer, and in this respect, the MWPCL definition is "technically narrower than under the FLSA or MWHL." *Skrzecz v. Gibson Island Corp.*, Civ. No. RDB-13-1796, 2014 WL 3400614, at *7 n.7 (D. Md. July 11, 2014). Nevertheless, the MWPCL incorporates a broad definition of *employ*, *i.e.*, "to engage an individual to work," which includes "allowing an individual to work" and "instructing an individual to be present at a work site." Md. Code Ann., Lab. & Empl. § 3-101(c). The Court of Special Appeals of Maryland has recognized that this broad definition "evinces the legislature's intent to expand the common law definition of 'employer,' just as it did with the MWHL." *Campusano v. Lusitano Constr. LLC*, 56 A.3d 303, 308 n.5 (Md. Ct. Spec. App. 2012). Following *Campusano*, courts in Maryland and in this District have applied the economic-reality

test to claims arising under the MWPCL.  *See Macsherry*, 2015 WL 6460261, at *9; *see also Mata v. G.O. Contractors Grp., Ltd.*, Civ. No. TDC-14-3287, 2015 WL 6674650, at *3 (D. Md. Oct. 29, 2015); *Jones v. Hoffberger Moving Servs. LLC*, 92 F. Supp. 3d 405, 415 n.6 (D. Md. 2015); *Pinsky v. Pikesville Recreation Council*, 78 A.3d 471, 588 (Md. Ct. Spec. App. 2013).

As discussed above, Plaintiff here has pleaded sufficient facts to proceed to discovery on his FLSA/MWHL counts.  Because Plaintiff's MWPCL count arises from the same purported misconduct as those antecedent claims; because it incorporates the same economic-reality analysis; and because the Individual Defendants rely exclusively on their defective corporate-veil theory, their motions to dismiss Count V will be denied.

### C.  Wrongful Termination Claim (Count VI)

Finally, Plaintiff alleges that Defendants subjected him to drug testing—and thereafter terminated his employment—in violation of the procedures prescribed by Md. Code Ann., Health-Gen. § 17-214.  (ECF No. 1 ¶ 54.)[5]  Plaintiff avers that it is "contrary to Maryland public policy to fire/terminate an employee in violation of those prescribed procedures."  (*Id.* ¶ 53.)

In *Adler v. American Standard Corp.*, 432 A.2d 464, 473 (Md. 1981), the Court of Appeals of Maryland recognized a narrow cause of action for wrongful discharge of an otherwise at-will employee.[6]  To state a claim for wrongful discharge, the employee must allege (1) that he was discharged; (2) that his discharge violated a clear mandate of public policy; and (3) that there was a nexus between the employee's conduct and his employer's decision to fire him.  *King v. Marriott*

---

[5] Section 17-214 establishes protocols that employers must follow when they prescreen applicants for substance abuse or when they require employees to undergo drug testing at offsite laboratories.  The statute prescribes, *inter alia*, certain notice requirements, § 17-214(c), and it provides that any applicant or employee who is required to submit to drug testing may request an independent verification at the applicant's/employee's expense, § 17-214(e).

[6] Plaintiff does not allege that he was employed pursuant to a contract for a fixed term or with for-cause protection, and so the Court assumes—for purposes of resolving the pending motions—that Plaintiff was employed at will.  *See Porterfield v. Mascari II, Inc.*, 823 A.2d 590, 601-02 (Md. 2003) ("The employment at-will doctrine long has been part of the common law of Maryland.  Its major premise is that an employment contract is of indefinite duration, unless otherwise specified, and may be terminated legally at the pleasure of either party at any time." (citation omitted)).

*Int'l, Inc.*, 866 A.2d 895, 901 (Md. Ct. Spec. App. 2005) (citing *Wholey v. Sears Roebuck*, 803 A.2d 482, 489 (Md. 2002)).   The employee must "plead with particularity the source of the public policy and the alleged violation."   *Porterfield v. Mascari II, Inc.*, 788 A.2d 242, 245 (Md. Ct. Spec. App. 2002), *aff'd*, 823 A.2d 590 (Md. 2003).   Moreover, Maryland courts "generally have concluded that a clear mandate of public policy exists only where an employee has been discharged for:  (1) refusing to violate the law; (2) performing an important public function; or (3) exercising a legal right or privilege."   *Smith v. Wash. Suburban Sanitary Comm'n*, Civ. No. DKC 12-0316, 2012 WL 4863399, at *3 (D. Md. Oct. 11, 2012); *accord Murphy v. Republic Nat'l Distrib. Co.*, Civ. No. JFM-13-2758, 2014 WL 4406880, at *4 (D. Md. Sept. 5, 2014).

The Individual Defendants do not explicitly discuss Count VI in their motions to dismiss. However, assuming *arguendo* that they intended their veil-piercing argument to apply across all counts, that argument once again fails.  In *Moniodis v. Cook*, 494 A.2d 212, 218 (Md. Ct. Spec. App. 1985), *superseded by statute on other grounds*, the Court of Special Appeals of Maryland recognized that "an 'officer' of a corporation . . . who plays a dominant role in the affairs of the corporate employer and who primarily formulates the corporation's decision to fire a particular employee" should not be "permitted to take refuge behind the corporate veil in order to insulate himself from liability for his own wrongful conduct."[7]  The court reaffirmed that principle in *Bleich v. Florence Crittenton Services of Baltimore, Inc.*, 632 A.2d 463, 473-74 (Md. Ct. Spec. App. 1993) (denying summary judgment to "CEO/Executive Director" because reasonable jury could find that she exercised dominant role and primarily formulated corporation's decision to terminate plaintiff); *see also Hoffman v. Balt. Police Dep't*, 379 F. Supp. 2d 778, 790 (D. Md. 2005) (allowing wrongful-discharge claim to proceed against individual defendants).   Plaintiff

---

[7] *Moniodis* went on to hold, in light of the evidence adduced at a jury trial below, that the individual defendants in that case—a divisional manager and a district supervisor—exercised insufficient authority to be held accountable for wrongful discharge.  494 A.2d 212, 219 (Md. Ct. Spec. App. 1985), *superseded by statute on other grounds*.

asserts that the Individual Defendants—co-owners of RTLLC—were "actively engaged in the management/control" of the entity, "including all matters related to employment." (ECF No. 1 ¶ 7.)  Assuming the truth of Plaintiff's assertion (as the Court must), the Individual Defendants would presumably be barred, under *Moniodis*, from sheltering behind RTLLC's corporate veil.

That said, in reviewing the legal sufficiency of Count VI, the Court need not confine its analysis to the Individual Defendants' defective veil-piercing theory.  Any claim challenged pursuant to Rule 12(b)(6) must contain sufficient factual content, accepted as true, to present a facially plausible cause of action, *Iqbal*, 556 U.S. at 678—and as presently drafted, Count VI falls short of that standard.

First, while Plaintiff vaguely references Md. Code Ann., Health-Gen. § 17-214, as the basis for the alleged public-policy violation,[8] he fails to identify the particular procedure(s) prescribed by that statute that he believes Defendants violated.  As such, Plaintiff seemingly runs afoul of the requirement under Maryland law that wrongful-discharge claimants "plead with particularity the source of the public policy *and the alleged violation*."  *Porterfield*, 788 A.2d at 245 (emphasis added).  Second, Plaintiff seems to have overlooked a key element of the tort:  he has not identified a nexus between his conduct and Defendants' decision to fire him.  He does not suggest, for instance, that he refused to violate the law or to harm a third party and that he was consequently fired; nor does he aver that he was terminated for exercising a legal right or duty or for performing an important public function.  *Cf. Smith*, 2012 WL 4863399, at *3. Rather, Plaintiff alleges that Defendants violated certain unspecified testing requirements—and

---

[8] Though far from clear, it appears that Plaintiff may also suggest his termination was wrongful because he apparently *passed* his drug test:  the medical review officer report came back with an overall verified result of "negative." (ECF No. 1 ¶¶ 55-56.)  However, the Court is aware of no authority for the proposition that by passing a drug test, an employee is thereafter shielded from the default presumption of at-will employment—*i.e.*, the presumption that such employment "may be terminated legally at the pleasure of either party at any time," *Porterfield*, 823 A.2d at 602.

thereafter fired him.  By focusing exclusively on Defendants' conduct rather than his own, Plaintiff has pleaded himself outside the confines of Maryland's wrongful-discharge tort.[9]

Thus, although the Individual Defendants' veil-piercing theory is no more persuasive under Count VI than it was under Counts I–V, the Court will nevertheless dismiss Count VI without prejudice for failure to state a plausible claim.  What is more, although RTLLC did not join the Individual Defendants' motions to dismiss,[10] Count VI is framed identically as against each of the three Defendants, and it is meritless as to all.  Courts in this District have *sua sponte* dismissed meritless claims as against nonmoving parties where the claimant has had a fair opportunity to argue the legal sufficiency of his claim.  *See, e.g.*, *Wallace v. Trost*, Civ. No. DKC 13-3473, 2014 WL 4388389, at *5 (D. Md. Sept. 4, 2014); *J & J Sports Prods., Inc. v. MayrealII, LLC*, 849 F. Supp. 2d 586, 592 (D. Md. 2012); *Wright v. Donegal Ins. Cos.*, Civ. No. WDQ-06-827, 2006 WL 4748707, at *1 (D. Md. 2006), *aff'd*, 223 F. App'x 201 (4th Cir. 2007) (per curiam); *cf. Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 n.10 (4th Cir. 2006) ("[A] district court may *sua sponte* dismiss a complaint for failure to state a claim. . . . Where the face of a complaint plainly fails to state a claim for relief, a district court has 'no discretion' but to dismiss it." (quoting 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (2d ed. 1990)).  While Plaintiff may not have foreseen the Court's analysis in this Memorandum, the onus was on him to plead his claim plausibly in the first instance.

---

[9]  The Court searched in vain for a case in which a court in Maryland or in this District approved a wrongful-discharge claim relating to drug testing; the Court found two cases where such claims were pleaded, but in both cases the claims were ultimately rejected.  *See Parker v. Penske Truck Leasing Corp.*, Civ. No. AMD 99-3116 (D. Md. Dec. 21, 2000), *aff'd*, 18 F. App'x 148 (4th Cir. 2001) (per curiam); *Preston v. Mountainside Transp., Inc.*, 795 F. Supp. 159 (D. Md. 1992).

[10]  In fact, as noted above, RTLLC answered the Complaint.  (ECF No. 3.)  Oddly, however, the Answer makes no mention of Count VI; it appears that defense counsel may have overlooked it.  The Court is well aware that, pursuant to Rule 8(b)(6) of the Federal Rules of Civil Procedure, an allegation is generally deemed admitted where a responsive pleading is required but the allegation is not denied.  In this case, however, as the Court has explained, Plaintiff's Count VI is meritless.  As a practical matter, then, RTLLC, through its omission, has admitted nothing more than a legal nullity.  In the interest of efficient case management, the Court is disinclined to retain a claim it has already adjudged meritless on a bare technicality; rather, the Court will exercise its inherent power to *sua sponte* dismiss Count VI altogether so that this case might proceed on an even keel.

Moreover, nothing prevents him at this relatively early stage from seeking leave to amend his Complaint and recast Count VI, provided he can do so in a manner that is consistent with controlling authority and the federal notice-pleading regime.

Accordingly, the Individual Defendants' motions to dismiss Count VI will be granted, and Plaintiff's wrongful-termination claim will be dismissed without prejudice as against all three Defendants.

## IV. Conclusion

For the foregoing reasons, an Order shall enter GRANTING IN PART and DENYING IN PART the Individual Defendants' motions to dismiss (ECF Nos. 4 & 5).

DATED this 7th day of January, 2016.

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge